No. 12-8096

_____

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ROBERT EARL HAIRSTON,

*Defendant-Appellant.*

_____

Appeal from The United States District Court
for the Western District of North Carolina
Statesville Division

_____

**BRIEF OF DEFENDANT-APPELLANT**

_____

| | |
|---|---|
| Lawrence D. Rosenberg | Stephanie D. Taylor |
| Pa. Bar I.D. 67414 | Pa. Bar I.D. 205583 |
| JONES DAY | JONES DAY |
| 51 Louisiana Avenue, N.W. | 500 Grant Street, Suite 4500 |
| Washington, D.C. 20001-2113 | Pittsburgh, PA  15219-2514 |
| Telephone:  (202) 879-3939 | Telephone: (412) 391-3939 |
| Facsimile:  (202) 626-1700 | Facsimile:  (412) 394-7959 |

Counsel for Defendant-Appellant
ROBERT EARL HAIRSTON

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and United States Court of Appeals for the Fourth Circuit Local Appellate Rule 26.1, Petitioner, Robert Earl Hairston, an individual, states there are no corporate parties that have a financial interest in the outcome of this appeal.


/s/ Stephanie D. Taylor
February 20, 2014          Stephanie D. Taylor

# TABLE OF CONTENTS

STATEMENT OF SUBJECT MATTER AND APPELLATE
      JURISDICTION ................................................................1

INTRODUCTION AND STATEMENT OF ISSUES ............................................1

STATEMENT OF THE CASE.................................................................3

STATEMENT OF FACTS ...................................................................4

    A.    Mr. Hairston's Original Conviction and Sentencing ..........................4

    B.    Mr. Hairston's Numerically First § 2255 Motion ..............................5

    C.    Mr. Hairston's Sentence is Reduced Pursuant to USSG
        Amendments......................................................6

    D.    The Predicate Offense Is Vacated and Mr. Hairston Files His
        Numerically Second § 2255 Motion ....................................7

SUMMARY OF ARGUMENT ...............................................................11

STANDARD OF REVIEW ...................................................................14

ARGUMENT ............................................................................15

I.    Mr. Hairston's § 2255 Motion Presents a Cognizable Claim for Relief......15

II.    Mr. Hairston's Numerically Second § 2255 Motion is Not a "Second
    or Successive Petition." ...............................................19

    A.    "Second or Successive" Does Not Mean Numerically Second. ........19

    B.    Because The Claims Raised in Mr. Hairston's Numerically
        Second § 2255 Motion Did Not Arise, or Ripen, Until His State
        Conviction Was Vacated, Mr. Hairston's Numerically Second §
        2255 Motion Is Not "Second or Successive."....................20

III.    IN THE ALTERNATIVE, MR. HAIRSTON SHOULD BE
    GRANTED PERMISSION TO PURSUE HIS CLAIM AS A
    "SECOND OR SUCCESSIVE" MOTION, OR GRANTED RELIEF
    THROUGH WRIT OF CORAM NOBIS....................................25

    A.    This Court Should Grant Mr. Hairston Permission to Pursue His
        Claim as a "Second or Successive" Motion....................25

    B.    In the Alternative, Mr. Hairston's Motion Should Be Granted as
        a Writ of Coram Nobis. ...........................................30

CONCLUSION ...........................................................................35

## <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Ryan v. United States*,
657 F.3d 604 (7th Cir. 2011)......................................................................17

*Anjulo–Lopez v. United States*,
541 F.3d 814 (8th Cir. 2008).....................................................................17

*Arnold v. Hoffe*,
22 F. App'x 181 (4th Cir. 2001)................................................................33

*Blanton v. United States*,
94 F.3d 227 (6th Cir. 1996)......................................................................33

*Bruce v. Ebert*,
748 F. Supp. 2d 569 (W.D. Va 2010)......................................................31

*Custis v. United States,*
511 U.S. 485 (1994)............................................................................15, 35

*Daniels v. United States*,
532 U.S. 374 (2001)..................................................................................21

*Darden v. Stephens*,
426 Fed. App'x. 173 (4th Cir. 2011).......................................................30

*Gilbert v. United States,*
640 F.3d 1293 (11th Cir. 2011) (Hill, J. dissenting)..............................30

*Hirabayashi v. United States*,
828 F.2d 591 (9th Cir. 1987)....................................................................31

*In re Goddard*,
170 F.3d 435 (4th Cir. 1999)..............................................................21, 25

*In re Taylor*,
171 F.3d ............................................................................................ passim

*In re Williams*,
444 F.3d 233 (4th Cir. 2006)..............................................................20, 24

# TABLE OF AUTHORITIES
## (Cont.)

Page

*Johnson v. United States*,
544 U.S. 295 (2005) ..................................................................passim

*Love v. Hogsten*,
2012 U.S. Dist. LEXIS 125171 (N.D. Ga. Sept. 4, 2012)..................22

*Magwood v. Patterson*,
130 S. Ct. 2788 (2010)....................................................................19

*McQuiggin v. Perkins*,
133 S. Ct. 1924 (2013)....................................................................26

*Panetti v. Quarterman*,
551 U.S. 930 (2007)...................................................................19, 20

*Purvis v. United States*,
662 F.3d 939 (7th Cir. 2011) ...........................................................32

*Slack v. McDaniel*,
529 U.S. 473 (2000)........................................................................19

*Stewart v. Martinez-Villareal*,
523 U.S. 637 (1998)..................................................20, 22, 23, 24

*Stewart v. United States*,
646 F.3d 856 (11th Cir. 2011) .........................................................21

*U.S. v. Martin*,
408 F.3d 1089 (8th Cir. 2008) .........................................................32

*United States v. Bass*,
864 F. Supp. 2d 353 (E.D. Pa. 2012)................................................21

*United States v. Bazuaye*,
399 Fed. App'x 822 (4th Cir. 2010) .................................................31

*United States v. Craig*,
907 F.2d 653 *amended*, 919 F.2d 57 (7th Cir. 1990) ......................33

*United States v. Gadsen*,
332 F.3d 224 (4th Cir. 2003) ....................................................15, 26

# TABLE OF AUTHORITIES
## (Cont.)

**Page**

*United States v. Interstate Gen. Co., L.P.*,
39 F. App'x 870 (4th Cir. 2002) ...................................................34

*United States v. Longshore*,
644 F. Supp. 2d 658 (D. Md. 2009) ........................................31, 32

*United States v. Mandel*,
862 F.2d 1067 (4th Cir. 1988) ...................................................35

*United States v. Maybeck*,
23 F.3d 888 (4th Cir. 1994) ............................................26, 27, 28, 30

*United States v. Mikalajunas*,
186 F.3d 490 (4th Cir. 1999) .................................................16, 27

*United States v. Morgan*,
346 U.S. 502 (1954) ...........................................................31, 35

*United States v. Nicholson*,
475 F.3d 241 (4th Cir. 2007) .................................................14, 15

*United States v. Osser*,
864 F.2d 1056 (3d Cir. 1988) .....................................................33

*United States v. Pettiford*,
612 F.3d 270 (4th Cir. 2010) ......................................................27

*United, States v. Poole*,
531 F.3d 263 (4th Cir. 2008) ......................................................30

*United States v. Roane*,
378 F.3d 382 (4th Cir. 2004) ......................................................14

*United States v. Willard*,
909 F.2d 780 (4th Cir. 1990) ......................................................16

*United States v. Williams*,
162 Fed. App'x. 254 (4th Cir. 2006) ...............................................26

## TABLE OF AUTHORITIES
### (Cont.)

**Page**

**STATUTES**

21 U.S.C. §§ 846 and 841(a)(1) ................................................................4, 5

28 U.S.C. § 2253(a) ....................................................................................1

28 U.S.C. § 2255 ................................................................................passim

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").....................19

USSG Amendments ..........................................................................6, 7, 34

**OTHER AUTHORITIES**

Fed. R. Civ. P. 60(b)(4) ................................................................................9

Fifth Amendment ........................................................................................6

Sixth Amendment ................................................................1, 6, 9, 18, 22

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Defendant-Appellant Robert Earl Hairston filed a motion to vacate under 28 U.S.C. § 2255 challenging the sentence enhancement he received pursuant to a criminal history category that included a state court conviction that has since been vacated. J.A. 77-89. This is an appeal from the October 10, 2012 order of the United States District Court for the Western District of North Carolina (Statesville) denying Mr. Hairston's motion as an unauthorized second or successive motion. *Id.* at 90-93. On December 10, 2012, Mr. Hairston filed a notice of appeal, and this Court issued a Certificate of Appealability on May 9, 2013. *Id.* at 94, 147. This Court has jurisdiction pursuant to 28 U.S.C. § 2253(a).

## INTRODUCTION AND STATEMENT OF ISSUES

In 1992, Robert Earl Hairston was convicted in the North Carolina District Court for Catawba County for driving without a license after failing to appear for a hearing regarding that charge ("the predicate offense" or "the predicate conviction"). In 2003, Mr. Hairston plead guilty to an offense involving crack cocaine in the United States District Court for the Western District of North Carolina (Statesville) and was sentenced to a term of 324 months. This sentence was the minimum under the guideline sentencing range as determined by Mr. Hairston's Presentence Investigation Report ("Report"). Crucially, the Report

included the predicate offense in Mr. Hairston's criminal history, which raised Mr. Hairston's criminal history category from III to IV.

From when he first learned of this predicate offense, Mr. Hairston has contended that he did not drive without a license and was not even in the state of North Carolina on the day of the supposed infraction. Indeed, Mr. Hairston was not notified of any merits hearing regarding the predicate offense and was not notified of any right to counsel at such a hearing. Immediately after he was sentenced, Mr. Hairston filed his first motion to vacate the predicate offense in the North Carolina District Court for Catawba County in 2003. The court never responded to Mr. Hairston's 2003 motion, which caused Mr. Hairston to spend the next several years filing additional motions in the state court and attempting to get the court's attention. In the interim, Mr. Hairston filed his first motion to vacate his federal sentence under 28 U.S.C. § 2255 on February 19, 2004, alleging, among other things, ineffective assistance of counsel in failing to object to his sentencing enhancement. The district court denied Mr. Hairston's motion on April 30, 2004.

Finally, on August 17, 2011, the North Carolina District Court for Catawba County responded to Mr. Hairston's third motion to vacate his sentence and ordered the predicate offense vacated. Six months later, Mr. Hairston filed a numerically second motion under 28 U.S.C. § 2255, seeking to be resentenced with a criminal history category III instead of a category IV. On October 12, 2012, the

district court summarily denied Mr. Hairston's motion as being "an unauthorized, successive petition" under 28 U.S.C. § 2255.

The issues presented in this case are:

I.    Has Mr. Hairston stated a cognizable claim for relief under § 2255 where he seeks resentencing due to a vacated state court conviction which was used to enhance Mr. Hairston's guideline sentencing range?

II.    Is Mr. Hairston's numerically second § 2255 motion a "second or successive" motion for purposes § 2255(h), where the basis for his claim did not arise until after the district court denied his first § 2255 motion?

III.    If this Court were to determine that Mr. Hairston's numerically second § 2255 motion was an unauthorized "second or successive" motion for purposes of § 2255(h), should the Court grant Mr. Hairston permission to pursue a "second or successive" motion or grant Mr. Hairston relief through a writ of *corum nobis*?

## STATEMENT OF THE CASE

On February 15, 2012, Mr. Hairston filed a motion under 28 U.S.C. § 2255 to have his sentence corrected due to the vacatur of a state court conviction used to calculate his criminal history category and thus, Mr. Hairston's guideline sentencing range. J.A. 77-89. On October 10, 2012, the district court summarily denied Mr. Hairston's motion as being "an unauthorized, successive petition"

3

under 28 U.S.C. § 2255. *Id.* at 90-93. Additionally, the district court refused to grant Mr. Hairston a Certificate of Appealability, holding that Mr. Hairston had failed to "establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right." *Id.* at 91-92. Mr. Hairston filed a notice of appeal on December 10, 2012. *Id.* at 94. On May 9, 2013, this Court granted a Certificate of Appealibility. *Id.* at 147.

## STATEMENT OF FACTS

### A.    Mr. Hairston's Original Conviction and Sentencing

On April 19, 2002, Mr. Hairston pled guilty to conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). J.A. 13-16. Mr. Hairston's Presentence Investigation Report ("Report") calculated his total level offense as 38 and his criminal history category as IV. *Id.* at 193-200, ¶¶ 28-68.

In determining Mr. Hairston's criminal offense level, the Report calculated that he had seven criminal history points. Id. at 197, ¶ 50. Mr. Hairston received one of these seven points from his 1992 conviction in the North Carolina District Court for Catawba County for the predicate offense of operating a vehicle without an operator's license. *Id.* at 196, ¶ 43. Based on a total offense level of 38 and a criminal history category of IV, Mr. Hairston's sentencing guideline range was 324 to 405 months. *Id.* at 204, ¶ 90.

4

On December 9, 2002, Mr. Hairston filed an Objection to the Presentence Investigation Report, arguing that he was not guilty of the predicate offense. *Id*. at 20-22. While Mr. Hairston "conced[ed] that the records of Catawba County show" the conviction, he "specifically denie[d] being within the State of North Carolina at the time of the commission of the offense listed in paragraph 43" of the Report. *Id*. at 20. Mr. Hairston filed a Motion to Continue Sentencing to give his counsel time to investigate his conviction of the predicate offense, and on December 12, 2002, the court granted Mr. Hairston's motion. *Id.* at 17-19, 23.

Unfortunately, Mr. Hairston's counsel was unable to gather evidence proving that Mr. Hairston was not in North Carolina at the time of the predicate offense. *Id.* at 28. The district court therefore adopted the Report and sentenced Mr. Hairston to the minimum term of 324 months on February 21, 2003. *Id.* at 34. The Court noted that the "low end of the guidelines [was] sufficient to serve the purposes of sentencing, particularly deterrence and rehabilitation." *Id.* The government did not object to Mr. Hairston being sentenced to the minimum term. *Id.* at 31. The court entered Judgment in Mr. Hairston's case on March 11, 2003. *Id.* at 38-39.

### B.    Mr. Hairston's Numerically First § 2255 Motion

On February 19, 2004, Mr. Hairston filed a Motion to "Vacate, Set Aside, or Correct Sentence" under 28 U.S.C. § 2255. *Id.* at 44-49. In his motion,

Mr. Hairston alleged three grounds upon which his sentence should be vacated. *Id.* at 47. First, Mr. Hairston alleged that certain false statements of his co-conspirators were unlawfully coerced by law enforcement officials, and that Mr. Hairston's sentence was improperly enhanced on the basis of these statements in violation of his Fifth and Sixth Amendment rights. *Id.* Second, Mr. Hairston alleged that the government violated his Fifth Amendment rights by unlawfully hiding exculpatory evidence from Mr. Hairston "during his Trial proceedings." *Id.* Third, Mr. Hairston alleged a violation of his Sixth Amendment rights due to the ineffective assistance of counsel in failing to object "to the sentence upward adjustment by the use of false information." *Id.* The district court summarily dismissed Mr. Hairston's motion on April 30, 2004. *Id.* at 50.

### C.    Mr. Hairston's Sentence is Reduced Pursuant to USSG Amendments

Since his initial sentencing, Mr. Hairston's sentence has been reduced twice due to retroactive reductions in the base offense level for crack cocaine offenses. In both instances, Mr. Hairston was re-sentenced at the bottom of the new guideline range.

First, following the November 2007 amendments to the sentencing guidelines, Mr. Hairston's total offense level was reduced from 38 to 36. *Id.* at 206. His 2009 Supplemental Presentencing Report revised Mr. Hairston's guideline range downward to 262 to 327 months, and recommended a revised

sentence of imprisonment of "262 months (low end of revised guideline range)." *Id.* Subsequently, Mr. Hairston filed a Petition to reduce his sentence pursuant to Amendment 706 to 262 months. *Id.* at 64-65. The government did not object, and the district court ordered Mr. Hairston's sentence reduced to 262 months. *Id.* at 67.

Second, following the 2011 amendments, Mr. Hairston's base offense level was reduced again from 36 to 34. *Id.* at 208. His 2012 Supplement to the Presentence Report revised Mr. Hairston's guideline range to 201 to 262 months, and again recommended a sentence of 210 months, the "low end of the revised guideline range." *Id.* at 208-09. Mr. Hairston filed a petition to reduce his sentence to 210 months. *Id.* at 68. The government objected to Mr. Hairston's petition for a reduction in his sentence, noting that "[w]hile in custody, [Mr. Hairston] has received eight disciplinary actions between 2004 and 2008, including infractions for fighting, stealing, and possessing intoxicants." *Id.* at 71, ¶ 4. Nonetheless, and over the government's objections, the district court again ordered Mr. Hairston's sentence reduced to the low end of the revised guidelines, 210 months. *Id.* at 76.

### D.    The Predicate Offense Is Vacated and Mr. Hairston Files His Numerically Second § 2255 Motion

Immediately after being sentenced, Mr. Hairston started down the long path to vacate his predicate offense, maintaining that he was not guilty and that he was not even in the state of North Carolina on the day of the supposed infraction. *See*

7

*id.* at 20 (Mr. Hairston "specifically denies being within the State of North Carolina at the time of the commission of the" predicate offense); *id.* at 155 ("[F]or the sake of argument, I will not go into the fact that this [is] [sic] not my conviction, that I spoke of in the sentencing proceedings."); *id.* at 183.

Mr. Hairston filed his first motion contesting the predicate conviction, titled an Actual Innocence Motion, with the North Carolina District Court of Catawba County on November 20, 2003, just eight months after he was sentenced. *Id.* at 182-84. In it, Mr. Hairston claimed that the predicate conviction, of which he had no knowledge, was incorrectly being used to enhance his federal sentence, and asked that the predicate conviction be vacated. *Id.* at 183. After receiving no response from the Catawba County court, Mr. Hairston again filed a motion to vacate in 2005.[1] Through the next few years, Mr. Hairston repeatedly contacted the Catawba County court through friends and family, asking for resolution on his pending motions. Mr. Hairston never received any response from the state court on either motion.[2]

---

[1] Mr. Hairston no longer has a copy of the 2005 motion he filed with the state court. However, Mr. Hairston represents to the Court that he did file it.

[2] In addition to seeking relief through the state court, Mr. Hairston kept the federal district court aware of his efforts to get his predicate offense vacated. On July 19, 2004, Mr. Hairston filed an untitled motion with the district court in which he once again argued that the predicate conviction should be vacated and that his sentence should be corrected. J.A. 100-01. On June 22, 2005, Mr. Hairston submitted to the district court a Motion to File a Supplemental Pleading in which he asked the court to hold its ruling on his § 2255 motion in abeyance until the

Not to be deterred, Mr. Hairston filed a third motion in 2011, arguing that he was convicted of the predicate offense in violation of the Sixth Amendment as he was not advised of his right to counsel prior to his conviction. *Id.* at 83, 87, 133. The North Carolina District Court granted Mr. Hairston's petition on August 17, 2011, and vacated the predicate conviction. *Id.* at 87, 133.

On February 15, 2012, Mr. Hairston filed a Motion to Vacate, Remand, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 in which he argued that, due to the vacated predicate conviction, he was eligible to be resentenced. *Id.* at 79. Specifically, Mr. Hairston argued that without the predicate conviction, his criminal history category would be III rather than IV, making his original guideline

North Carolina District Court of Catawba County responded to his Actual Innocence Motion. *Id.* at 102-03. Mr. Hairston stated that "in order to toll and show that he acted in due diligence" any ruling on the merits of his § 2255 motion should be stayed until the status of his predicate conviction was determined. *Id.* at 102.

The district court did not respond to Mr. Hairston's 2004 and 2005 motions until *six years* later on March 7, 2011, when the court denied them. *Id.* at 117-21. In doing so, the district court first considered Mr. Hairston's untitled 2004 motion as "clearly . . . intended to continue his collateral challenge to his sentence" and dismissed it as an "unauthorized, successive motion to vacate." *Id.* at 120. The court then held that because it had no evidence that "demonstrated that his State convictions were, in fact, set aside . . . [Mr. Hairston's] Motion to Supplement must be denied." *Id.*

Meanwhile, on November 12, 2010, Mr. Hairston filed a Motion to Reinstate his Motion to Vacate pursuant to Fed. R. Civ. P. 60(b)(4). *Id.* at 104-16. The district court did not respond. On September 12, 2011, after the predicate conviction had been vacated, Mr. Hairston wrote to the district court inquiring as to the status of his Rule 60(b)(4) motion and informing the court that the predicate conviction had been vacated. *Id.* at 129-32. The district court denied Mr. Hairston's Rule 60(b)(4) motion on September 28, 2011. *Id.* at 135-41.

sentencing range 292 to 365 months, rather than the 324 to 405 months.  *Id*. at 79-80.[3]

The district court summarily dismissed Mr. Hairston's numerically second § 2255 motion without reaching the merits on October 10, 2012.  *Id*. at 91. Instead, the court noted that on February 19, 2004, Mr. Hairston "filed a previous Motion to Vacate the same conviction and sentence," which the district court dismissed.  *Id*. at 90.  The court reasoned that his previous motion made Mr. Hairston's instant motion an "second or successive petition" under § 2255 and dismissed Mr. Hairston's motion.  *Id*. at 91.  The district court also declined to issue Mr. Hairston a Certificate of Appealability.  *Id*.

Mr. Hairston filed a notice of appeal on December 10, 2012.  *Id.* at 94.   On May 9, 2013, this Court granted Mr. Hairston a Certificate of Appealability to address the "following issue:  whether [Mr.] Hairston's numerically second § 2255 motion is a 'second or successive' motion for purposes of 28 U.S.C.A. § 2255(h), where the basis for his claim did not arise until after the district court denied his first § 2255 motion."  *Id.* at 147.

---

[3] Mr. Hairston, in his motion to vacate his original sentence, calculates his sentencing range using a base offense level of 38 and criminal history category III. *Id*. at 80.   However, as Mr. Hairston's two successful motions for sentence reductions pursuant to retroactive amendments to the sentencing guidelines make clear, his base—and total—offense level should be calculated as 34 rather than 38. If Mr. Hariston is resentenced with a criminal history level III, as he requests, his guideline sentencing range should be 188 to 235 months.  As of June 8, 2012, Mr. Hairston has already accrued 146 months of credited time served.  *Id*. at 208.

## SUMMARY OF ARGUMENT

The district court erred in dismissing Mr. Hairston's February 16, 2012 motion to vacate his sentence as an "unauthorized, successive petition" under § 2255.

I.  Mr. Hairston has stated a basis for relief under 28 U.S.C. § 2255.  The Supreme Court has established that once a state court conviction used to enhance a prisoner's sentence for a federal offense is vacated, the prisoner may reopen his federal conviction and seek resentencing under § 2255.  Here, Mr. Hairston has a valid § 2255(a) claim because the predicate offense used to enhance his sentence was subsequently vacated.  This subjects his sentence to collateral attack.

Additionally, Mr. Hairston has met the threshold requirements of § 2255's one-year limitations period and has acted with due diligence to vacate his predicate conviction.  Mr. Hairston's predicate conviction was vacated on August 17, 2011, and Mr. Hairston filed his numerically second § 2255 motion six months later on February 15, 2012.  Moreover, to establish due diligence, petitioners are required to act reasonably and without unexplained delays attributable to them in seeking vacatur.  Mr. Hairston initially sought vacatur of his predicate conviction eight months after receiving his federal sentence, but heard no response from the state court.  Mr. Hairston continued to file motions and seek updates from the state court but heard nothing.  After years of trying, Mr. Hairston finally got the state court's

attention with his third motion. The state court then vacated his predicate conviction. Thus, Mr. Hairston acted with due diligence in seeking vacatur of his predicate conviction.

II. Mr. Hairston's February 16, 2012 motion was not a second or successive motion under § 2255. It is well-established law in this Court that a numerically second § 2255 motion is not necessarily a "second or successive" motion within the meaning of § 2255. Instead, this Court has adopted a more practical definition of "second or successive," concluding that a numerically second § 2255 motion is not a "second or successive" motion when the claim for the subsequent motion fails to arise until after the first § 2255 motion is filed. *In re Taylor*, 171 F.3d at 187-88. Thus, contrary to the district court's opinion, Mr. Hairston's numerical second § 2255 motion is not automatically considered an unauthorized "second or successive" motion in violation of § 2255(h).

Although this Court has not directly addressed whether the second or successive bar applies to numerically second § 2255 motions raising claims based upon a vacatur of a state conviction occurring after a prisoner's first § 2255 motion, other courts have determined that a § 2255 motion is not "second or successive" in such instances. These holdings are consistent with this Court's reasoning regarding when a numerically second motion is not consisted second or successive. Because Mr. Hairston's predicate conviction had not been vacated at

the time he filed his first § 2255 motion, his numerically second motion is not "second or successive" within the meaning of § 2255.

III. In the alternative, this Court should grant Mr. Hairston permission to pursue a "second or successive" § 2255 motion, or granted relief through a writ of *corum nobis*.

First, § 2255(h)(1) permits a Court of Appeals to certify a "second or successive" § 2255 motion where newly discovered evidence shows the petitioner to be innocent of the offense. This Court has held in the analogous situation of the mandate rule that a vacated conviction is newly discovered evidence. Additionally, the vacatur of a predicate conviction used to enhance a sentence is a newly discovered "fact" for purposes of calculating the one-year limitation period of § 2255. Thus, the vacatur of Mr. Hairston's predicate conviction should be considered newly discovered evidence for purposes of § 2255(h)(1).

Moreover, Mr. Hairston is actually innocent of the predicate conviction. This Court has held that the vacatur of a predicate offense used to enhance a sentence may excuse a procedural default in failing to bring a § 2255 motion because the petitioner is actually innocent of the sentence enhancement. Mr. Hairston is similarly innocent of an enhanced sentence based on a vacated predicate offense, and should be allowed to pursue a "second or successive" motion.

In the alternative, Mr. Hairston should be granted relief through a writ of *corum nobis* because he satisfies each of the four criteria this Court has set forth in order to grant the writ. First, a more usual remedy is not available because, if this court denies Mr. Hairston relief through § 2255, he will have exhausted all his available remedies. Second, valid reasons exist for not attacking the conviction at an earlier date because Mr. Hairston could not collaterally attack his federal sentence until the predicate offense had actually been vacated. When it finally was vacated, Mr. Hairston acted reasonably by bringing this motion six months later. Third, adverse consequences exist in that Mr. Hairston will serve a federal sentence longer than otherwise required. Fourth, the error of serving a sentence longer than that to which he should have been sentenced is of the most fundamental character. Thus, Mr. Hairston satisfies all four criteria and should be granted relief through a writ of *corum nobis*.

## STANDARD OF REVIEW

When considering the denial of a § 2255 motion to vacate, this court reviews a district court's "legal conclusions *de novo* and its findings of fact for clear error." *United States v. Roane*, 378 F.3d 382, 395 (4th Cir. 2004); see also *United States v. Nicholson*, 475 F.3d 241, 248 (4th Cir. 2007) ("In general, in an appeal relating to the denial of a 2255 motion, we review a district court's legal conclusions *de*

*novo*.").  Additionally, any such appeal "is limited to the evaluation of" the issues indicated in the Certificate of Appealability.  *Nicholson*, 475 F.3d at 244.

## ARGUMENT

### I.    Mr. Hairston's § 2255 Motion Presents a Cognizable Claim for Relief.

Section 2255 authorizes a prisoner to move to vacate, set aside, or correct his sentence if the sentence is "in violation of the Constitution or laws of the United States," "that the court was without jurisdiction to impose such sentence," "was in excess of the maximum authorized by law," or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

In interpreting the phrase "is otherwise subject to collateral attack," the Supreme Court has held that a prisoner that has been given a sentence enhancement for a prior conviction "is entitled to a reduction if the earlier conviction is vacated" in accordance with § 2255. *Johnson v. United States*, 544 U.S. 295, 303 (2005);  *see also Custis v. United States,* 511 U.S. 485, 497 (1994) (concluding that a prisoner who has a predicate conviction vacated on which his sentence was enhanced may "apply for reopening of any federal sentence enhanced by the state sentences" through § 2255); *United States v. Gadsen*, 332 F.3d 224, 227-28 (4th Cir. 2003) (concluding that the "relevant 'fact' with respect to the operation of [the petitioner's] § 2255 claim today is the fact that [his] prior state conviction has been conclusively invalidated.").  Mr. Hairston has a valid §

2255(a) claim because the predicate offense used to enhance his sentence was subsequently vacated, which properly subjects his sentence to collateral attack.[4]

Additionally, Mr. Hairston has satisfied the threshold requirements of filing within the statute of limitations and in pursuing the vacatur of his predicate conviction with due diligence. *See Johnson*, 544 U.S. at 310. Section 2255 requires that a prisoner must file a motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered

---

[4] In its informal brief, the government asserts that Mr. Hairston does not have a cognizable claim under § 2255 because (1) Mr. Hairston's claim only amounts to a sentencing error, which is not covered by § 2255, and (2) "the 324-month sentence he received was still within the guideline range of 292 to 365 months that [Mr. Hairston] alleges should have applied." J.A. 173. Both of these assertions are incorrect.

First, the government failed to cite and we have found no case law to support the contention that subsequent vacatur of a predicate offense used to enhance a prisoner's sentence is simply a sentencing error. Rather, this court has construed "sentencing errors" to be those "errors *that could have been but were not pursued on direct appeal.*" *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999) (emphasis added) (noting that plaintiff could have pursued his sentence enhancement for "physical restraint" on direct appeal but did not). Mr. Hairston could not pursue his claim until after his state conviction was vacated, which, as the Supreme Court has instructed, must be done through a collateral attack.

Second, a court must, "consistent with due process," determine the appropriate sentencing guidelines prior to sentencing an individual. *See United States v. Willard*, 909 F.2d 780, 783 (4th Cir. 1990) (holding that unless a district court "makes an independent determination that the sentence would be the same under either of the ranges," the mere fact that the sentencing ranges overlap is not enough to relieve the court from "selecting the appropriate range"). Mr. Hairston was sentenced at the low end of the sentencing guidelines each time his sentence was reduced. It is highly unlikely that his sentence would be the same regardless of which guideline range the court used.

through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In *Johnson*, the Supreme Court held that the one-year limitation period begins running "from the date [petitioner] received notice of that vacatur," provided petitioner acted with "due diligence." *Johnson*, 544 U.S. at 310.

First, Mr. Hairston's predicate conviction was vacated on August 17, 2011, J.A. 87, 133, and he filed his numerically second § 2255 motion on February 15, 2012, six months later and within the statutory one-year limitations period. *Id.* at 77.

Second, Mr. Hairston pursued the vacatur of his predicate conviction with due diligence. Due diligence "can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." *Johnson*, 544 U.S. at 308 (holding petitioner did not act with due diligence where he waited twenty-one months to challenge his predicate conviction). However, "due diligence does not mean 'the maximum feasible diligence.'" *Ryan v. United States*, 657 F.3d 604, 607-08 (7th Cir. 2011) (citing *Anjulo–Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008)). Moreover, "[o]nce a petitioner diligently has initiated state-court proceedings, any delay in those proceedings that is not attributable to the petitioner will not impair the availability of the paragraph four

limitation rule, once those proceedings finally conclude." *Johnson,* 544 U.S. at 310 n.8.

Within eight months of being sentenced, Mr. Hairston began his long road of challenging his state court predicate offense. He filed his first motion, titled an Actual Innocence Motion, with the North Carolina District Court of Catawba County on November 20, 2003, claiming that the predicate conviction, of which he had no knowledge, was incorrectly being used to enhance his federal sentence, and he asked that the predicate conviction be vacated. J.A. 183. The state court did not respond to Mr. Hairston's motion.

Nonetheless, Mr. Hairston filed another motion to have the predicate offense vacated in 2005. He then had friends and family contact the state court regarding the status of his case. The state court never responded to any of Mr. Hairston's pleas. Not to be deterred, Mr. Hairston filed a third motion in 2011, arguing that he was convicted of the predicate offense in violation of the Sixth Amendment as he was not advised of his right to counsel prior to his conviction. J.A. 83, 87, 133. The North Carolina District Court finally acknowledged Mr. Hairston's pleas, responded, and vacated the predicate conviction. *Id.* at 87, 133.

Thus, Mr. Hairston has shown due diligence in challenging his predicate conviction. Any delay in getting his predicate conviction vacated was the fault of the state court, not Mr. Hairston. *See Johnson*, 544 U.S. at 310 n.8 (noting that

"any delay in [state vacatur] proceedings that is not attributable to the petitioner will not impair the availability of the paragraph four limitation rule, once those proceedings finally conclude.")[5]

## II.    Mr. Hairston's Numerically Second § 2255 Motion is Not a "Second or Successive Petition."

### A.    "Second or Successive" Does Not Mean Numerically Second.

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in which it amended 28 U.S.C. § 2255 so that a "second or successive § 2255 motion to vacate a sentence may not be filed in the district court unless the movant has received permission to do so from the appropriate court of appeals." *In re Taylor*, 171 F.3d 185, 187 (4th Cir. 1999); *see also* 28 U.S.C. § 2255(h).

The Supreme Court has recognized that "[t]he term second or successive is a habeas 'term of art.'" *Magwood v. Patterson*, 130 S. Ct. 2788, 2804 (2010) (quoting *Slack v. McDaniel,* 529 U.S. 473, 486 (2000)).    Consequently, the Supreme Court "has declined to interpret [the phrase] as referring to all [motions] filed second or successively in time." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007).  Instead, the Court has recognized that the "second or successive" bar is a "modified res judicata rule" that incorporates the "abuse of the writ" doctrine

---

[5] There is an argument that Mr. Hairston is not required to show due diligence on the basis of *Gideon v. Wainwright*, 372 U.S. 355 (1963).  *See Johnson*, 544 U.S. at 299 n.1.

19

developed in pre-AEDPA case law. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998).

Similarly, this Court has also concluded that it is "settled law that not every numerically second petition is a 'second or successive' petition with the meaning of" 28 U.S.C. § 2255. *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). Rather, this Court has adopted a more practical definition of "second or successive," concluding that a numerically second § 2255 motion is not a "second or successive" motion when the claim for the subsequent motion fails to arise until after the first § 2255 motion is filed. *In re Taylor*, 171 F.3d at 187-88.

Thus, contrary to the district court's opinion, simply because Mr. Hairston's 2011 § 2255 motion was his numerically second § 2255 motion does not mean that it is automatically an unauthorized "second or successive" motion in violation of § 2255(h).

B.    **Because The Claims Raised in Mr. Hairston's Numerically Second § 2255 Motion Did Not Arise, or Ripen, Until His State Conviction Was Vacated, Mr. Hairston's Numerically Second § 2255 Motion Is Not "Second or Successive."**

The Supreme Court has long held that the "statutory bar on 'second or successive' applications does not apply to . . . an application filed when the claim is first ripe." *Panetti*, 551 U.S. at 947. Similarly, this Court has concluded that "certain . . . § 2255 motions that were dismissed for reasons such as unripeness, failure to exhaust state remedies, or failure to pay filing fees are not counted in

20

determining whether a later motion is 'second or successive.'" *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999).

A claim seeking the reduction of a federal sentence enhanced by a faulty state conviction ripens only once an order vacating that conviction issues. *See Johnson*, 544 U.S.at 305 ("prior to the state vacatur . . . a petitioner cannot obtain relief under § 2255."). And, a petitioner can proceed under § 2255 only "*after* successful review of the prior state conviction [via] any postconviction process available under state law." *Id.* (emphasis added) (citing *Daniels v. United States*, 532 U.S. 374, 381 (2001)). In other words, the state court's "order vacating the predicate conviction is the event" that gives rise to an actionable claim under § 2255. *See id.* at 308.

Although this Court has not addressed the narrow question of whether the second or successive bar applies to numerically second § 2255 motions raising claims based upon a vacatur of a state conviction occurring after a prisoner's first § 2255 motion, other courts have uniformly concluded that, in these circumstances, the numerically second motion does not constitute a second or successive motion. *See Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011); *see also United States v. Bass*, 864 F. Supp. 2d 353, 360 (E.D. Pa. 2012) (noting that petitioner filed his first habeas motion three years prior to the vacatur of a predicate conviction, and because "he could not possibly have included in his prior habeas motion the claim

presented in the pending § 2255 motion . . . the instant motion is not a 'second or successive' motion"); *Cf. Love v. Hogsten*,  2012 U.S. Dist. LEXIS 125171, *4 n.2 (N.D. Ga. Sept. 4, 2012) ("If petitioner had first succeeded in having his state conviction vacated by a Pennsylvania state court, he could have then succeeded on a § 2255 claim to vacate the West Virginia federal sentence that had been enhanced as a result of this state conviction.").

*Stewart* is directly on-point.  In *Stewart*, the petitioner's career offender enhancement was predicated on faulty (but not yet vacated) state convictions.  *Id.* at 857.  Five weeks after AEDPA's one-year habeas statute of limitations expired, he filed a § 2255 motion raising a Sixth Amendment claim for ineffective assistance of counsel.  *Id.*  The court dismissed this motion as untimely.  *Id.*  Over the next five years, however, the petitioner continued the process of challenging his predicate convictions in state courts.  *Id.* at 857–58.  Once the predicate convictions had been successfully vacated, the petitioner filed another § 2255 motion requesting modification of his career offender enhancement status.  *Id.* at 858.  The district court dismissed this motion, concluding that it was a "second or successive" motion.  *Id.*

The Eleventh Circuit reversed, concluding "[b]ecause the basis for his *Johnson* claim did not exist before his proceeding on his initial § 2255 motion concluded, Stewart's numerically second motion is not 'second or successive,' and

the § 2255(h)'s gatekeeping provision does not apply." *Id.* at 865. The court reasoned that, under *Johnson*, the basis for a claim challenging a sentence predicated on faulty state convictions ripens only "when the order vacating those predicate convictions issues." *Id.* at 859. It also explained "when a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive.'" *Id.* at 860.

Mr. Hairston's case parallels almost perfectly the facts in *Stewart*, as, like in *Stewart*, Mr. Hairston's predicate offense was not vacated until after the district court denied his first § 2255 motion.

But more importantly, the reasoning in *Stewart* is consistent with this Court's analysis in *Taylor*. The petitioner in *Taylor* filed a numerically second § 2255 motion after the district court granted his initial § 2255 motion to have certain predicate offenses used to enhance his sentence vacated. *In re Taylor*, 171 F.3d at 186-87. After concluding that pre-AEDPA precedent applied to the AEDPA amendments to § 2255, the Court reasoned that "[p]rior to the enactment of the AEDPA, a successive petition for collateral relief was one which raised grounds identical to those raised and rejected on the merits on a prior petition." *Id*. This Court then held that petitioner's numerically second § 2255 motion was not "second or successive" within the meaning of § 2255, reasoning that "under pre-

23

AEDPA law, a claim which did not arise until after a prior petition was filed would not be barred as second or successive or by the abuse of the writ doctrine." *Id.*

As in *Taylor* and *Stewart*, Mr. Hairston's claim did not arise until after the court adjudicated his numerically first § 2255 motion. Bringing a § 2255 motion raising the claim at the first possible instance is not an abuse of the writ, and is not "second or successive" within the meaning of § 2255.[6] Accordingly, Mr. Hairston's numerically second § 2255 motion is not "second or successive."

Moreover, affirming the district court's dismissal of Mr. Hairston's § 2255 motion would prevent Mr. Hairston from ever having his claim heard and would run counter to this Court's precedent in interpreting the meaning of "second or successive" and in applying the abuse-of-the-writ doctrine. It would deny Mr. Hairston "the opportunity to make a full, substantive collateral attack on his

---

[6] Furthermore, simply because Mr. Hairston raised the fact that he did not think his predicate conviction was valid in his first § 2255 motion and in an untitled motion to the district court in 2004, does not mean that 2011 motion is now "second or successive." It is also well-settled that including an unripe claim in a § 2255 motion does not render a numerically second motion "second or successive" if it again raises the previously unripe claim once that claim is ripe. *See Stewart,* 523 U.S. at 644 (noting that to "hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review"); *see also In re Williams*, 444 F.3d at 236 (reasoning that there is "no reason to place a petitioner . . . who included additional claims in his initial habeas petition on a different footing than a petitioner who pursues solely an appeal claim"). Mr. Hairston's present claim was not ripe at the time of his initial § 2255 motion, and the mere fact that he recognized that it might ripen in the future does not make his present motion "second or successive."

conviction and sentence" and would punish Mr. Hairston for following the procedures for challenging a predicate state conviction laid out clearly by the Supreme Court and the Fourth Circuit. *In re Goddard*, 170 F.3d at 437. Thus, the district court's dismissal of Mr. Hairston's § 2255 motion as "second or successive" should be vacated.

## III. IN THE ALTERNATIVE, Mr. HAIRSTON SHOULD BE GRANTED PERMISSION TO PURSUE HIS CLAIM AS A "SECOND OR SUCCESSIVE" MOTION, OR GRANTED RELIEF THROUGH WRIT OF *CORAM NOBIS*.

### A. This Court Should Grant Mr. Hairston Permission to Pursue His Claim as a "Second or Successive" Motion.

Section 2255 permits a petitioner to bring a "second or successive" motion only if it is certified by a Court of Appeals to contain, in relevant part, "newly discovered evidence" that shows the petitioner to be innocent of the offense. 28 U.S.C. § 2255(h)(1). Should this court deem Mr. Hairston's instant motion a "second or successive" motion under § 2255, it should permit Mr. Hairston to pursue it by certifying it as containing newly discovered evidence that Mr. Hairston was innocent of the predicate offense, and thus improperly sentenced.

First, the vacatur of Mr. Hairston's predicate offense is "newly discovered evidence" within the meaning of § 2255(h)(1). Although this Court has not directly addressed what constitutes "newly discovered evidence" under § 2255(h)(1), it has held "the retroactive modification of . . . state convictions must

be considered new evidence" in the analogous context of the mandate rule. *United States v. Williams*, 162 Fed. App'x. 254, 257 (4th Cir. 2006). Additionally, vacated predicate offenses have been considered new "facts" which can affect the limitations period for filing § 2255 motions. *See, e.g., Johnson*, 544 U.S. at 307 ("[A]n order vacating a predicate conviction is spoken of as a fact just as sensibly as the order entering it."); *Gadsen*, 332 F.3d at 227 ("[T]he relevant 'fact' with respect to the operation of [petitioner's] § 2255 claim today is the fact that [petitioner's] prior state conviction has been conclusively invalidated.").

Second, Mr. Hairston is innocent of the offense within the meaning of § 2255(h)(1). A showing of actual innocence has been applied "to overcome various procedural defaults" in bringing habeas petitions. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (noting that the actual innocence exception has been applied to "successive petitions asserting previously rejected claims" and "'abusive' petitions asserting in a second petition claims that could have been raised in a first petition"). In an analogous context, this Court has held that a petitioner may be excused from procedurally defaulting claims of improper sentence enhancements and bring a first § 2255 motion where petitioner can show that he is "actually innocent" of the conviction resulting in enhancement. *See United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994). A showing that petitioner is "actually innocent" of a sentence enhancement will constitute actual prejudice and permit a

collateral challenge to the sentence via a § 2255 motion. *Id.* at 892; *see also United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) ("Our court has previously ruled that the actual innocence exception may be applied in § 2255 to noncapital sentencing proceedings."). A petitioner will be granted relief under § 2255 where he can "clearly show[] that he had not committed the crime on which the calculation of his sentence was based." *Pettiford*, 612 F.3d at 283-84.

In determining whether the "actual innocence" exception applies to sentencing enhancements, this Court has drawn a distinction between factual and legal innocence. *See Mikalajunas*, 186 F.3d at 494 ("Typically, to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent."). Thus, where a petitioner does not contest that he committed the crime through which his sentence was enhanced, but only that it "should not have been classified as a 'violent felony' under the ACCA," the actual innocence exception is not available. *Pettiford*, 612 F.3d at 284; *see also Mikalajunas*, 186 F.3d at 492 (rejecting an actual innocence claim where petitioner contested only a sentence enhancement based on his "physical restraint of the victim" and not innocence of the conviction itself); *Darby v. United States,* 508 Fed. Apop'x 69, 71 (2d Cir. 2013) (finding no factual innocence where "the district

27

court misclassified [the] predicate offenses under the Guidelines"). In contrast, where a prisoner's federal sentence is enhanced by a state offense which he did not commit, the actual innocence exception is appropriate. *See, e.g., Maybeck*, 23 F.3d at 890 (finding petitioner's sentence was enhanced based on an "erroneous" conviction for armed burglary).

Mr. Hairston's claim is subject to this "actual innocence" for two reasons. First, the vacatur of Mr. Hairston's predicate conviction shows Mr. Hairston is factually innocent of the sentence enhancement. Courts have held that a petitioner's factual innocence of a sentence enhancement may be shown by demonstrating that "he was *not convicted*." *Damon v. United States*, 732 F.3d 1, 6 (1st Cir. 2013) (noting "that there is no suggestion [petitioner] was not validly convicted") (emphasis added). This is consistent with this Court's reasoning in *Maybeck* that the actual innocence exception applies where a petitioner was "sentenced under laws that should not have been applied" to him. *Maybeck*, 23 F.3d at 894.

Here, Mr. Hairston's actual innocence claim stems from the vacatur of his predicate offense upon which his sentence enhancement was based. Although the predicate offense was vacated primarily based on violations of Mr. Hairston's Sixth Amendment right to counsel, this still renders Mr. Hairston "not validly

28

convicted"—and thus actually innocent—of the predicate offense.[7] *Id.*; *see also* J.A. 87, 133.

Second, Mr. Hairston has consistently maintained that he did not commit the predicate offense. *See* J.A. 20 (Mr. Hairston "specifically denies being within the State of North Carolina at the time of the commission of the" predicate offense); *id*. at 155 ("[F]or the sake of argument, I will not go into the fact that this [is] [sic] not my conviction, that I spoke of in the sentencing proceedings."); *id.* at 183. Moreover, Mr. Hairston contends that he was not present when this conviction was entered. With this conviction vacated from his record, Mr. Hairston is unaware of any evidence or documentation that he was actually guilty of this predicate offense. *See* 28 U.S.C. § 2255(h)(1) (permitting a "second or successive motion" where newly discovered evidence "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."). Thus, just as a petitioner may be "actually innocent of being a career offender as defined in" the sentencing guidelines, Mr. Hairston has

---

[7] Additionally, "some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation." *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012); *see also Higgins v. Smith*, 991 F.2d 440, 441 (8th Cir. 1993) ("Here, petitioner points to no constitutional violation that resulted in his conviction (or in his sentence), merely a mistaken application of a state statutory provision."). Mr. Hairston's sentence enhancement resulted from a violation of his Sixth Amendment right to counsel. J.A. 87, 133.

established he is actually innocent of having a criminal history category IV. *Maybeck,* 23 F.3d at 892.

Moreover, coupling a decision here not to allow Mr. Hairston to bring this "second or successive" motion with this Court's holding in *Darden v. Stephens*, 426 Fed. App'x. 173 (4th Cir. 2011) in which it declined to extend the "savings clause" of § 2255(e) to "those petitioners challenging only their sentence" would mean that Mr. Hairston would never be able to petition for relief from an improper sentence enhancement. *Id.* at 174 (quoting *United, States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). To allow prisoners to "sit[] in prison serving sentences that were illegally imposed" would "adopt a posture of judicial impotency that is shocking in a country that has enshrined the Great Writ in its Constitution." *Gilbert v. United States,* 640 F.3d 1293, 1337 (11th Cir. 2011) (Hill, J. dissenting) ("We used to call such systems 'gulags.' Now, apparently, we call them the United States.").

If this court deems Mr. Hairston's motion "second or successive" within the meaning of § 2255, it should certify his motion and allow him to pursue appropriate relief.

**B.    In the Alternative, Mr. Hairston's Motion Should Be Granted as a Writ of *Coram Nobis*.**

If the Court denies Mr. Hairston relief through any of the potential avenues allowed under 28 U.S.C. § 2255, his motion should be construed as a writ of *coram*

*nobis*.  *See, e.g., Bruce v. Ebert*, 748 F. Supp. 2d 569, 579 (W.D. Va 2010) (construing a writ of habeas corpus as a writ of *corum nobis* and granting the writ). Although a writ of *coram nobis* is traditionally used when a petitioner has already served his sentence, it can also be used to vacate a sentence and remand for resentencing, including in cases where a predicate state conviction has been vacated.  *United States v. Longshore*, 644 F. Supp. 2d 658, 663 (D. Md. 2009) (holding that a prisoner who timely filed a *corum nobis* petition is "entitled to a hearing to correct his sentence in light of his vacated state court convictions").

A four-pronged test is used to determine the merits of a petition for a writ of *corum nobis*.  *See United States v. Bazuaye*, 399 Fed. App'x 822, 824 (4th Cir. 2010).  Specifically, the writ is appropriate where:  (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction at an earlier date; (3) adverse consequences exist sufficient to trigger the case or controversy requirement of Article III; and, (4) the error is of the most fundamental character. *Id.*; *see also Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).  Mr. Hairston satisfies each of these requirements, and should be granted relief under the writ of *coram nobis*.

*First*, an application for a writ of *coram nobis* is generally appropriate where a petitioner has no other remedy available.  *United States v. Morgan*, 346 U.S. 502, 512 (1954) (stating "[o]therwise a wrong may stand uncorrected which the

available remedy would right."). If the Court were to conclude that Mr. Hairston cannot obtain relief through any of the avenues allowed under § 2255, then Mr. Hairston would have exhausted all usual remedies to correct his erroneous sentence. Accordingly, a writ of *coram nobis* is appropriate.

*Second*, Mr. Hairston has a valid reason for not attacking his federal sentence earlier. In evaluating whether valid reasons exist for not attacking a conviction earlier, courts examine whether the petitioner acted "reasonabl[y] under the circumstances." *Longshore*, 644 F. Supp.2d at 661–63. Mr. Hairston could not attack his federal sentence until his state court predicate offense was vacated. Once Mr. Hairston successfully had predicate conviction vacated, he quickly pursued the instant § 2255 motion for resentencing six months later. J.A. 77, 87.

Moreover, as discussed in Section I, Mr. Hairston acted with due diligence in pursuing the vacatur of his state court predicate offense. *See, e.g., Purvis v. United States,* 662 F.3d 939, 942-43 (7th Cir. 2011) (finding that petitioner acted with due diligence where he "attacked his state-court conviction 15 months after he was sentenced and, "[d]uring those intervening months, he appealed his federal conviction, sought rehearing when that appeal was unsuccessful, then sought certiorari in the Supreme Court"); *U.S. v. Martin,* 408 F.3d 1089, 1096 (8th Cir. 2008) (finding that petitioner acted with due diligence where he instructed his attorney to file § 2255 motion but attorney did not respond to petitioner's repeated

attempts to ascertain the status of the motion because "[t]his is not a case where a petitioner has himself to blame for an untimely filing"). As a result, Mr. Hairston has acted reasonably, and attacked his conviction at the earliest possible opportunity.

*Third*, courts have concluded that serving an enhanced sentence because of an erroneous conviction in another jurisdiction justifies *coram nobis* relief. *United States v. Craig*, 907 F.2d 653, 658 *amended,* 919 F.2d 57 (7th Cir. 1990). ("[E]nduring a longer prison sentence than justified by law is certainly more than incidental harm."); *see also Arnold v. Hoffe*, 22 F. App'x 181, 182 (4th Cir. 2001) ("[C]ollateral consequences are presumed to flow from a wrongful conviction."); *Blanton v. United States*, 94 F.3d 227, 232 (6th Cir. 1996) ("The inmate alleged that his prior federal conviction increased the amount of time he would have to serve in state prison before being eligible for parole. . . . Such a sentence enhancement clearly would constitute an ongoing civil disability.") (citation omitted)); *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988) ("[S]ubsequent imposition of a sentence heavier than would otherwise have been appropriate represents a collateral legal disadvantage that survives the satisfaction of a sentence.").

Because a conviction used to enhance his sentence has now been vacated, Mr. Hairston would suffer adverse consequences of a longer prison sentence than

required, if he is not resentenced. At the time of his initial sentencing, Mr. Hairston was placed in criminal history category IV and total offense category 38, subjecting him to a guideline sentence of 324 to 405 months. J.A. 204, ¶ 90. In the interim, Mr. Hairston has been resentenced downward twice, pursuant to USSG amendments reducing his total offense level. *Id.* at 67, 76. Each time Mr. Hairston has been sentenced, it has been at the bottom of the sentencing range. *Id.* at 34, 67, 76.

Without the vacated predicate conviction included in his criminal history, Mr. Hairston's guideline sentencing range would now be 188 to 235 months, with a criminal history category III and total offense level 34. Should Mr. Hairston again be sentenced at the low end of the guideline range, he would receive a sentence reduction of nearly 2 years from the sentence he is currently serving and a reduction of over *11 years* from his original sentence.

*Fourth*, refusing to allow Mr. Hairston to be resentenced when an underlying offense use to enhanced his sentence has been vacated constitutes an error of the most fundamental character.

Although the Fourth Circuit has not addressed whether the failure to resentence constitutes a fundamental error, this Court has concluded that a conviction for conduct that is no longer illegal does. *See, e.g., United States v. Interstate Gen. Co., L.P.*, 39 F. App'x 870, 873 (4th Cir. 2002) (noting that

fundamental error exists "when a significant change in the law following a conviction means that the defendant was convicted for conduct that is no longer illegal"); *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988) (noting that a fundamental error includes retroactive and dispositive changes in the law of mail fraud).

A sentence enhanced through reliance on a vacated state court conviction implicates the same concerns as a conviction and thus would equally constitute a fundamental error. *See, e.g., Custis*, 511 U.S. at 512 n.7 ("In addition, depending on the circumstances, the writ of *coram nobis* may be available to challenge a prior conviction relied upon at sentencing."); *Morgan*, 346 U.S. at 513 ("As the power to remedy an *invalid sentence* exists . . . respondent is entitle to an opportunity to attempt to show that his conviction was invalid" through a writ of *corum nobis*.) (emphasis added). Allowing Mr. Hairston to serve a longer sentence than required would constitute a fundamental error; thus, Mr. Hairston can establish the fourth element and is entitled to *coram nobis* relief.

## CONCLUSION

For the foregoing reasons, Mr. Hairston requests that the Court reverse the district court's order and remand the case for resentencing.

Dated:  February 20, 2014          Respectfully submitted,

*/s/ Stephanie D. Taylor*
Lawrence D. Rosenberg
Pa Bar I.D. 67414
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

Stephanie D. Taylor
Pa. Bar No. 205583
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:   (412) 394-7959

Counsel for Petitioner-Appellant
ROBERT EARL HAIRSTON

## REQUEST FOR ORAL ARGUMENT

Pursuant to United States Court of Appeals for the Fourth Circuit Local Appellate Rule 34, counsel for Petitioner Robert Earl Hairston respectfully requests that this appeal be scheduled for an oral argument.

*/s/ Stephanie D. Taylor*
Stephanie D. Taylor

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), the

undersigned certified that this brief complies with the type-volume limitations of

Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

1.    Exclusive of the exempted portions of the brief, as provided in

Fed. R. App. P. 32(a)(7)(B)(iii), this brief includes 8,907 words.

2.    This brief has been prepared using Microsoft Word in 14 point Times

New Roman font.  As permitted by Fed. R. App. P. 32(a)(7)(C), the undersigned

has relied upon the word count of this word-processing system in preparing this

certificate.

*/s/Stephanie D. Taylor*
Stephanie D. Taylor


DATED this 20th Day of February, 2014.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has, this 20th day of February, 2014,

served a true and correct copy of this Brief in *United States of America v. Robert*

*Earl Hairston* to:

<u>Via ECF and U.S. Mail</u>:

William Miller
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, NC 28202

*Counsel for Plaintiff-Appellee*


<u>/s/ *Stephanie D. Taylor*</u>
Stephanie D. Taylor